```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------ x
ERIC A. DUDLEY,                :
                               :
          Plaintiff,           :
                               :
                               :
v.                             :    Civil No. 3:24-cv-1976 (AWT)
                               :
U.S. ATTORNEY'S OFFICE, and    :
U.S. MARSHALS SERVICE,         :
                               :
          Defendants.          :
------------------------------ x
```

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Eric A. Dudley ("Dudley") has filed a pro se complaint against defendants United States Attorney's Office ("USAO") and United States Marshals Service ("USMS"). He brings claims for discrimination in violation of Title II of the Civil Rights Act, use of excessive force, negligence, and intentional infliction of emotional distress. The defendants move to dismiss all four claims under Fed. R. Civ. Pro. 12(b)(1) and under the doctrine of issue preclusion. For the reasons set forth below, the motion is being granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2024, Dudley brought a prior action against the USAO and the USMS claiming (1) discrimination in violation of Title II of the Civil Rights Act, (2) excessive force, (3) negligence, and (4) intentional infliction of emotional

-1-

distress. See Dudley v. U.S. Att'y's Off., No. 3:24-cv-01256 (VAB), 2024 WL 4803452, at *1 (D. Conn. Nov. 15, 2024) (the "Prior Action"). The factual allegations were summarized in the Ruling and Order on Motion to Dismiss (the "Prior Ruling") as follows:

> On August 25, 2023, Mr. Dudley visited the U.S. Attorney's Office in New Haven, Connecticut to obtain signatures on a complaint and summons from the reception desk.
>
> When he arrived at the reception desk, an unnamed receptionist was allegedly "dismissive and condescending" towards Mr. Dudley and demanded that Mr. Dudley say "please" in order to receive assistance.
>
> Mr. Dudley then began to record his conversation with the receptionist on his phone as Security Guard Thomas Guglielmi observed the interaction. The receptionist allegedly continued to treat Mr. Dudley rudely and tensions escalated.
>
> The receptionist eventually signed Mr. Dudley's documents and Mr. Dudley asked for the receptionist's name. At that point, Security Guard Thomas Guglielmi allegedly placed his hand on his gun and "threatened to handcuff and remove [Mr. Dudley] if [he] did not leave immediately." For Mr. Dudley this interaction was reminiscent to a recent incident in New Haven, Connecticut involving Randy Cox who was allegedly mistreated by police officers.

Dudley, 2024 WL 4803452, at *1 (citations omitted, alterations in original).

The Prior Ruling dismissed the complaint under Rule 12(b)(1) for lack of jurisdiction because Dudley failed to exhaust his administrative remedies and because the USAO and the USMS were not proper defendants under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 et seq. (the "FTCA").

On April 17, 2025, Dudley filed this action against the USAO and USMS, bringing claims for (1) discrimination in violation of Title II of the Civil Rights Act, (2) use of excessive force, (3) negligence, and (4) intentional infliction of emotional distress. He alleges the following facts:

> On August 25, 2023, Mr. Dudley went to the U.S. Attorney's Office in New Haven, Connecticut, to get signatures on some documents.
>
> The receptionist was allegedly dismissive and demanded Mr. Dudley say "please" to get assistance.
>
> Mr. Dudley started recording the interaction, and Security Guard Thomas Guglielmi observed the situation.
>
> The receptionist eventually signed the documents, but when Mr. Dudley asked for the receptionist's name, the security guard allegedly threatened to handcuff and throw him in the back of a wagon.

Compl. (ECF No. 1), at 2.

The defendants move to dismiss the complaint for lack of subject matter jurisdiction under 12(b)(1) and additionally argue that the plaintiff's claim is barred under the doctrine of issue preclusion.

**II.   LEGAL STANDARD**

"It is well established that principles of issue preclusion apply to threshold determinations, such as subject matter jurisdiction . . ., ripeness . . ., exhaustion of administrative remedies . . ., venue, or the failure to join necessary parties. . . . But this list is not exhaustive. See Am. Sun Co. v. Baldwin, 287 U.S. 156, 166 (1932) ('The principles of [preclusion] apply to questions of jurisdiction as well as to other issues.')" (alteration in original, emphasis omitted). Johnson-El v. DeProspo, 1:120-CV-2878 (LLS), 2020 WL 5350487 at *4 (S.D.N.Y. Sept. 3, 2020) (internal citations omitted). See also Conopco, Inc. v. Roll Intern., 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . .").

When deciding a motion to dismiss under Rule 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alterations in original). On a motion to dismiss, courts "are

not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557) (alteration in original). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)". Twombly, 550 U.S. at 555 (internal citations and quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

When interpreting the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers". Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). The court should interpret the plaintiff's

-5-

complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "Nonetheless, a pro se complaint must state a plausible claim for relief". Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (citing Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009)).

### III. DISCUSSION

"[O]nly the United States may be held liable for torts committed by a federal agency, and not the agency itself." C.P. Chem. Co., Inc. v. United States, 810 F.2d 34, 37 n.1 (2d. Cir. 1987) (citing 28 U.S.C. § 2679(a) ("authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims . . . cognizable under section 1346(b)")). Therefore, claims under the FTCA "must be brought against the United States rather than an agency thereof." Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991) (citing 28 U.S.C. § 2679(a)). "[I]f a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name[]'". F.D.I.C. v. Meyer, 510 U.S. 471, 476 (1994).

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). See 28 U.S.C. § 2675(a) (Under the FTCA a claim is barred "unless the claimant shall have first presented

the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). "[F]ailure to file claims for tort damages with the appropriate agency precludes this court from exercising jurisdiction over those claims." Teresa T. v. Ragaglia, 154 F. Supp. 2d 290, 301 (D. Conn. 2001).

The defendants argue that the "[p]laintiff does not allege new facts in his refiled complaint that could change the [c]ourt's existing jurisdictional analysis: he has renamed the same two defendants and he does not allege administrative exhaustion." Defs.' Mem. Supp. Mot. to Dismiss (ECF No. 12-1), at 8. They contend that the previous court "considered and addressed specific issues in reaching a prior jurisdictional determination," and those issues are now barred under the doctrine of issue preclusion and "may not be relitigated through a successive filing." Id. The court agrees.

The plaintiff argues that he is "taking the appropriate steps to comply with the procedural requirements" and actively working to complete the process of "filing the SF-95 form." Pl.'s Opp'n (ECF No. 13), at 1. He has submitted a complaint to the Connecticut Commission on Human Rights and Opportunities, which he argues demonstrates that he has made an effort "to address the alleged harms through administrative channels". Id. However, he concedes that these efforts are "not sufficient to meet FTCA

-7-

requirements." Id.

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment." Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995). "Although a dismissal for lack of jurisdiction is not an adjudication on the merits of a claim . . . such a dismissal precludes re-litigation of the issue it decided." Stengel v. Black, 486 F. App'x 181, 183 (2d Cir. 2012) (citation omitted). See also Stinson v. City Univ. of N.Y., No. 18-CV-5963 (LLS), 2019 WL 13561260, at *2 (S.D.N.Y. July 30, 2019) ("'Although claim preclusion does not apply to the dismissal of [the plaintiff's] prior claims for lack of subject matter jurisdiction . . . the specific question of jurisdiction cannot be reviewed again [in a new action].'" (citing O'Callaghan v. N.Y. Stock Exch., No. 12-CV-7247 (AJN) (SN), 2013 WL 3984887, at *10 (S.D.N.Y. Aug. 2, 2013))). Issue preclusion arises "where a party seeks to litigate twice an issue arising from virtually identical facts". Koenig v. City of New Haven, No. 3:16-cv-514 (JCH), 2017 WL 631190, at *5 (D. Conn. Feb. 15, 2017) (internal quotation marks and citation omitted).

In the Prior Action, the plaintiff sought to bring claims under the FTCA against two federal agencies, the USMS and the

-8-

USAO, based on the events that occurred on August 25, 2023 at the United States Attorney's office. The court held that such an action can only be brought against the United States. In the Prior Action, the plaintiff did not allege that he had exhausted his administrative remedies by presenting his claim to the appropriate federal agency or agencies and receiving a denial before proceeding with legal action, and the court held that he had not shown that he had exhausted his administrative remedies. Based on his failure to name the proper party and to exhaust his administrative remedies, the court dismissed the Prior Action.

In this action, once again the plaintiff names the USMS and USAO as defendants. He has also failed to allege that he has satisfied the exhaustion requirement. In fact, he acknowledges that his efforts have not been sufficient to satisfy the requirements of the FTCA in that respect. While he recognizes that a SF-95 form must be filed, he has neglected to submit the form and wait for the agency's response before filing this complaint. Thus, the plaintiff seeks to litigate the same issue in this case as he litigated in the Prior Action, and he does so based on the same facts.

Therefore, the plaintiff is precluded from relitigating the issue of subject matter jurisdiction, and this action should be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, the defendants' Motion to Dismiss (ECF No. 12) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Signed this 19th day of August 2025, at Hartford, Connecticut.

```
                              /s/AWT
                        Alvin W. Thompson
                    United States District Judge
```